COUNTY ASSESSOR — ASSESSMENT ROLL In counties having an assessed valuation in excess of $500,000, 000.00 the County Assessor must deliver, as required by 68 O.S. 2471 [68-2471] (1971), the real estate and personal property portions of the assessment roll to the County Board of Equalization on or before the fourth Monday in January and the fourth Monday in April, respectively, and may not at his own discretion delay the delivery thereof. Further if, notwithstanding the above, the assessment roll (real or personal) is delayed, the County Assessor is not relieved of his statutory duty to make whatever adjustments are necessary to deliver an accurate and complete assessment to the County Board of Equalization. The County Board of Equalization may hold hearings, the result of which may cause an adjustment of the assessment roll, only on complaint timely filed under 68 O.S. 2460 [68-2460] (1971). Whether such a complaint is considered as timely after May 1 depends upon the nature of the complaint and the date upon which a required notice was mailed, or the date on which the first Monday in May falls, or on the actual date of adjournment of the County Board of Equalization, accordingly. Pursuant to 68 O.S. 2473 [68-2473] and 68 O.S. 2479 [68-2479] (1971), no adjustments may be made to the assessment roll after the third Monday in June, or the actual date of delivery of the abstract of assessment roll to the Oklahoma Tax Commission, except pursuant to a hearing conducted on a timely complaint, but not later than the date of delivery of the tax roll to the County Treasurer. The Attorney General is in receipt of your letter wherein you ask the following questions. "1. Since Title 68 O.S. 2471 [68-2471] (1971), provides that in counties having an assessed valuation in excess of $500,000,000.00, the real estate portion of the assessment roll shall be delivered to the County Board of Equalization on or before the fourth Monday in January of each year, may the County Assessor after the fourth Monday in January make any changes to assessments of any real estate of the County? "2. If the answer to question number 1 is in the affirmative, under what conditions and on what authority? "3. Since Title 68 O.S. 2471 [68-2471] (1971) provides that the County Assessor shall deliver the completed assessment roll to the County Board of Equalization on or before the fourth Monday in April of each year, may the County Assessor after the fourth Monday in April make any changes to assessments of personal property on the County? "4. If the answer to question number 3 is in the affirmative, under what conditions and on what authority? "5. Since Title 68 O.S. 2460 [68-2460] (1971) provides that complaints to be heard by the County Board of Equalization shall be filed no later than May 1 of each year, may the County Board of Equalization reduce assessments based upon hearings held on protests filed after May 1? "6. If the answer to question number 5 is in the affirmative, under what conditions and on what authority? "7. Since Title 68 O.S. 2473 [68-2473] (1971) prescribes that the County Assessor must receive from the County Board of Equalization the assessment roll, corrected and adjusted by said Board through the first Monday in June of each year, make out an abstract to the Tax Commission not later than the third Monday in June of each year, may the County Assessor and/or the County Board of Equalization make any adjustments to said assessment roll after the third Monday in June? "8. If the answer to question number 7 is in the affirmative, under what conditions and on what authority? "9. If the answer to question number 7 is in the negative, what services can be performed by the County Board of Equalization between the third Monday in June of each year and the third Monday in September of the same year?" As stated in question number 1 above, 68 O.S. 2471 [68-2471] (1971), provides that in counties having an assessed valuation in excess of $500,000,000, the County Assessor must deliver the real estate portion of the completed assessment roll to the County Board of Equalization on or before the fourth Monday in January of each year. Basically, you have asked what effect follows if he fails to submit this particular assessment roll by the date prescribed in said statute. In responding to this question, it is apparent that 68 O.S. 2476 [68-2476] (1971), is relevant and provides: "- The provisions of this Code relating to the duties of various officials, and the time within which such duties shall be performed, are hereby declared to be mandatory; and the failure of any such official, board or commission, to perform the duties prescribed herein, within the time specified, shall subject them to removal from office for neglect of duty, and they shall receive no remuneration, compensation or salary for their services, after the time herein fixed for the performance of such duties and until the same shall have been completed or performed. Each of them shall also be subject to a penalty of Five Dollars ($5.00) per day for each day's delay for such neglect or failure; and it shall be the duty of the County Attorney as to county officers, and the Attorney General as to state officers, to institute proper action to collect any such penalty; provided, that the validity of any assessment or levy shall not be affected because of any insufficiency, informality or delay in the performance of any duty imposed upon any official, Board or Commission." (Emphasis added) The above-mentioned provision places a mandatory duty on the officials under this act to meet the time requirements enumerated in these related statutes. These officials cannot in their discretion delay performance of their statutory obligations beyond the time prescribed by statute. In the instant situation, the County Assessor in counties where the assessed valuation is greater than $500,000,000.00 is charged with the duty under Section 2471, supra, to deliver the real estate portion of the assessment roll to the County Board of Equalization on or before the fourth Monday in January of each year. Under Section 68 O.S. 2476 [68-2476], supra, he must perform by the this time; he has no discretion to do otherwise. It should be noted, however, that in the event a County Assessor does not perform his duty within the specified time, this does not affect the validity of an assessment made by him. This circumstance was anticipated in the following language as set forth in 68 O.S. 2476 [68-2476] (1971), which provides in relevant part: ". . . Provided, that the validity of any assessment or levy shall not be affected because of any insufficiency, informality or delay in the performance of any duty imposed upon any official, Board or Commission." The obvious intent of the legislature in including such language was to prevent the invalidation of the assessment resulting from mere procedural delay in satisfying this time deadline. From this, it is apparent that the County Assessor has no authority to delay the submission of the assessment roll to the County Board of Equalization beyond the fourth Monday in January time limit. A delay in delivery of the assessment roll does not relieve the County Assessor from his statutory duty to prepare and submit to the County Board of Equalization a complete and accurate assessment roll. Therefore, the County Assessor should make whatever adjustments to the assessment roll that are necessary to complete this task, even if the assessment roll is already late. As a corollary, it should also be mentioned that once the County Assessor delivers the assessment roll as to the real estate portion to the County Board of Equalization containing therein his assessed valuations, he has no authority to independently adjust these values thereafter. This position has been most previously elucidated in Attorney General's Opinion No. 73-273. The authorities and conditions requested in question number 2 have been set out in answer to question number 1 and no further elaboration is needed. The response to question number 1 is also dispositive of question number 3. As indicated, under the provisions set forth in 68 O.S. 2476 [68-2476] (1971), the County Assessor being an official under this act may not in his discretion extend the period under which he must submit an assessment roll pertaining to personal property to the County Board of Equalization. As to the personal property portion of the assessment roll, he is charged under 68 O.S. 2471 [68-2471] (1971), with the duty to deliver the completed roll excepting the real property portion to the County Board of Equalization on or before the fourth Monday in April of each year. However, as is the case with the real property portion of the assessment roll, the assessment roll submitted relating to personal property after this time is not itself invalid. Rather, it is to be considered by the County Board of Equalization consistent with other assessments which have been timely submitted. Further, it should be again pointed out, that after the County Assessor delivers the assessment roll or portions thereof to the County Board of Equalization, the Board will have the exclusive authority to adjust the assessed value of all property contained therein. In view of the response to the previous questions, it is unnecessary to respond to your question number 4. Both questions number 5 and 6 can be answered by the provision of 68 O.S. 2460 [68-2460] (1971), which provides as follows: "In any case where the County Assessor shall increase the valuation of any property above that returned by the taxpayer or in the case of real estate, increase the valuation over the assessment for the preceding year, the County Assessor shall notify in writing the person in whose name any such property is listed, giving the amount of such valuation as increased. Such notice may be by mail or delivery to the last known address of such person, or to the person in charge or possession of the property. In any case where the County Board of Equalization shall increase the valuation of any property above the value returned by the taxpayer, or shall add property not listed by the taxpayer, or in the case of real estate increase the valuation over the assessment for the preceding year, the Secretary of the County Board of Equalization shall notify by mail to his last known address, the person in whose name any such property is listed, giving the amount of such valuation as increased. In all cases where notice by mail is required under this Section, the same shall describe the property with sufficient accuracy so as to notify the taxpayer as to the property included, together with the assessed value of the property; and duplicate copies of the notice showing the date of issuance and mailing, shall be kept in the office of the County Assessor or the Secretary of the Board, as the case may be, which record so kept shall be prima facie evidence as to the fact of the notice having been given as required. The taxpayer shall have ten days from date of the mailing of such notice in which to file with the Secretary of said Board, a written complaint, specifying his grievances, and the pertinent facts in relation thereto in ordinary and concise language and without repetition, and in such manner as to enable a person of common understanding to know what is intended. Complaint in like manner may be filed on real estate not increased over the previous year's assessment, provided such complaint is filed on or before the first Monday in May. Complaint in like manner may be filed with the Board by the taxpayer where the County Assessor shall increase the valuation of any property above that returned, or in the case of real estate, shall increase the valuation over the assessment for the preceding year. Complaint in like manner may be filed by any taxpayer where, pursuant to the Authority contained in Section 2437 of this Code, the County Assessor has added property not listed by the taxpayer, provided such complaint is filed on or before the first Monday in May. Upon receipt of such complaint the Board shall fix a date of hearing, at which time said Board shall be authorized and empowered to take evidence pertinent to said complaint; and for that purpose, is authorized to compel the attendance of witnesses and the production of books, records, and papers by subpoena, and to confirm, correct, or adjust the valuation, as may seem just. In all cases where either the County Assessor or the County Board of Equalization has, without giving the notice required by this Section or by Section 2437, increased the valuation of property as listed by the taxpayer, and the taxpayer has knowledge of such adjustment or addition, the taxpayer may at any time prior to the adjournment of the Board, file a complaint in the form and manner above provided for. Thereafter, the Board shall fix a date of hearing, notify the taxpayer, and conduct the hearing as required by this Section." A close examination of this statute reveals that a taxpayer may obtain a hearing before the County Board of Equalization upon filing a timely complaint under the following circumstances: (1) Where the County Assessor or the County Board of Equalization increases the valuation of any property above that returned by the taxpayer or in case of real estate increasing the valuation over the assessment for the previous year by filing a complaint with the County Board of Equalization within ten days of the mailing of the notice of the increase. (2) Where the County Board of Equalization adds property not listed by the taxpayer by filing a complaint within ten days of the mailing of the notice of such action. (3) Where the County Assessor, pursuant to 68 O.S. 2437 [68-2437] (1971), adds property not listed by the taxpayer if the complaint is received by the County Board of Equalization on or before the first Monday in May. (4) As to real estate not increased over the previous year's assessment, if such complaint is filed on or before the first Monday in May. (5) Where either the County Assessor or the County Board of Equalization has increased the valuation of property, as listed by the taxpayer, or added property not listed by the taxpayer, without notice having been given, by filing a complaint any time before the adjournment of the County Board of Equalization. Therefore, your questions 5 and 6 must be answered as follows: The County Board of Equalization may hold a hearing, the result which may cause an adjustment of the assessment roll, only on complaints that are filed within the time limits set forth in 68 O.S. 2460 [68-2460] (1971). Whether a complaint is timely filed after May 1 would depend upon the date a required notice was mailed or the date on which the first Monday in May falls or upon the actual date the County Board of Equalization adjourned. With reference to questions number 7, 8 and 9, 68 O.S. 2473 [68-2473](a) (1971), provides in part as follows: "(a) As soon as practicable after the assessment rolls are equalized, corrected and adjusted by the county board of equalization through the first Monday in June, the county assessor shall make out an abstract thereof, containing the various classifications appearing on the blank forms for the listing and assessment of property, and the total value of each class, and it shall be the mandatory duty of the county assessor, under the penalties as outlined under Section 2476 of this Code, to transmit this abstract to the Tax Commission not later than the third Monday in June of each year, unless delayed by court action or other causes beyond his control. . . ." Notwithstanding the provisions of 68 O.S. 2459 [68-2459] (1971), allowing the County Board of Equalization in counties having an excess of $500,000,000.00 of assessed valuations to meet until the third Monday in September, the legislature intended the equalized assessments to be transmitted to the Tax Commission not later than the third Monday in June of each year unless delayed by court action or other causes beyond the control of the County Assessor. Therefore, no adjustments to the assessment roll may be made by the County Board of Equalization or the County Assessor after the third Monday in June or the actual date upon which the abstract of the assessment roll is delivered to the Oklahoma Tax Commission, unless dictated by the results of a hearing by the County Board of Equalization pursuant to a timely complaint filed, discussed previously, or court order. Further, it should be noted that the County Assessor, upon receiving the levy of assessments by the County Excise Board, must deliver the tax roll to the County Treasurer no later than October 1st, as required by 68 O.S. 2472 [68-2472] (1974), and this must be done notwithstanding the pendency of any proceedings that might affect the assessed value of any particular property pursuant to 68 O.S. 2474 [68-2474](d) (1971). Title 68 O.S. 2479 [68-2479] (1974), provides in part as follows: "After delivery of the Tax Rolls to the county treasurer of any county, no correction or alteration as to any item contained therein as of such date of delivery shall ever be made, except by the county treasurer and on authority of a proper certificate authorized by law or pursuant to order or decree of court in determination of a tax protest or other proper case. . . ." It would, therefore, appear that the County Board of Equalization in and of itself could make corrections to the assessment roll after the abstract thereof is delivered to the Oklahoma Tax Commission only after hearing a timely complaint but prior to the delivery of the tax roll to the County Treasurer, which is to be on October 1st. It is, therefore, the opinion of the Attorney General that your first, second and third questions be answered as follows: In counties having an assessed valuation in excess of $500 000,000.00 the County Assessor must deliver, as required by 68 O.S. 2471 [68-2471] (1971), the real estate and personal property portions of the assessment roll to the County Board of Equalization on or before the fourth Monday in January and the fourth Monday in April, respectively, and may not at his own discretion delay the delivery thereof. Further if, notwithstanding the above, the assessment roll (real or personal) is delayed, the County Assessor is not relieved of his statutory duty to make whatever adjustments are necessary to deliver an accurate and complete assessment to the County Board of Equalization. In view of the response to question one, two and three, it is unnecessary to answer your fourth question. It is further the opinion of the Attorney General that your fifth and sixth questions be answered as follows: The County Board of Equalization may hold hearings, the result of which may cause an adjustment of the assessment roll, only on a complaint timely filed under 68 O.S. 2460 [68-2460] (1971). Whether such a complaint is considered as timely after May 1 depends upon the nature of the complaint and the date upon which a required notice was mailed, or the date on which the first Monday in May falls, or on the actual date of adjournment of the County Board of Equalization, accordingly. It is further the opinion of the Attorney General that your seventh eighth, and ninth questions be answered as follows: Pursuant to 68 O.S. 2473 [68-2473] and 68 O.S. 2479 [68-2479] (1971), no adjustments may be made to the assessment roll after the third Monday in June. or the actual date of delivery of the abstract of assessment roll to the Oklahoma Tax Commission, except pursuant to a hearing conducted in a timely complaint, but not later than the date of delivery of the tax roll to the County Treasurer. (James H. Gray)